IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 15 2021
ARTHUR JOHNSTON
BY _____ DEPUTY

| | |
|---|---|
| AHMED SALA ALI BURALE, ) | |
| Petitioner, ) | CASE NO. 3:21cv592-DPJFKB |
| v. ) | (USDCt No. 2:11-CR-34-13 – Eastern District of Virginia – Norfolk Division) |
| WARDEN VEREEN, ) | |
| Respondent. ) | Honorable Judge_____ Presiding |

## MEMORANDUM WITH POINTS AND AUTHORITIES IN SUPPORT OF ATTACHED § 2241 PETITION/HABEAS CORPUS

COMES NOW, Petitioner, Ahmed Sala Ali Burale, acting in pro per (pro se), respectfully submits this Memorandum with Points and Authorities in Support of Attached § 2241 Petition/Habeas Corpus. Petitioner further prays that this Court construe this pleading liberally in light of Haines v. Kerner, 404 U.S. 519, 520-21 (1972), holding that, "pro se litigants are to be held to a lesser standard of review than lawyers who are formerly trained in the law, and are entitled to a liberal construction of their pleadings."

## FACTS

1) Petitioner is currently incarcerated at the FCC-Yazoo City Medium Facility in Yazoo City, Mississippi.

2) Petitioner was convicted of Piracy under the Law of Nations in violation of 18 U.S.C. § 1651, § 3238 and § 2.

3) Petitioner was sentenced to a LIFE term of imprisonment.

4) On Appeal, Petitioner was resentenced to a term of 35 Years.

5) During Petitioner's term of imprisonment, numerous cases / statutes / case law / amendments both in District Courts, Circuit Courts, Sentencing Commission, and in the Supreme Court have been ruled on that Petitioner has been unable to take advantage of and/or participate in. Further, Petitioner has been unable to use any of these new cases/statutes/case law/amendments, etc. to get back into court and take advantage of getting any relief from his 35-Year term of imprisonment.

6) The Savings Clause is preserved and is not procedurally defaulted under McQuiggin v. Perkins, 133 S.Ct. 1924, 1931 (2013) (where McQuiggin was not available at time of Petitioner's sentence.)

1

Therefore, based on the foregoing, Petitioner contends the following:

### I. ACTUAL INNOCENCE OF CONVICTION AND SENTENCE UNDER 18 U.S.C. § 1651 – LACK OF JURISDICTION – TERRITORIAL –

The United States lacked "territorial jurisdiction" to indict, convict and sentence Petitioner under 18 U.S.C. § 1651. Petitioner's indictment specifically charged him with 18 U.S.C. § 1651 – Special Maritime and Territorial Jurisdiction of the United States. Petitioner was found guilty of all counts - Petitioner's Indictment also included a Conspiracy Count which defines "the ways, manner, and means to accomplish the conspiracy, along with the overt acts, which all alleged to have taken place within the "special maritime and territorial jurisdiction of the United States." With that being said, it would be legally impossible to indict, convict and sentence Petitioner under 18 U.S.C. § 1651 – the "General Piracy" statute. Petitioner was indicted for one crime of piracy but in two separate jurisdictions. Therefore, the United States lacked subject matter jurisdiction to indict, convict and sentence Petitioner for a single crime under two-separate jurisdictional statutes, resulting in "double jeopardy." Petitioner cannot be within the special maritime and territorial jurisdiction of the United States at the same time and for the same offense, resulting in a wrongful prosecution.

Under 18 U.S.C. § 1651 – General Piracy, by definition, "occurs in areas to which the domestic political process of nations does not extend." By court records, the statute under which Petitioner was convicted under 18 U.S.C. § 1651, clearly states the "piracy" can only take place **outside** of the special maritime and territorial jurisdiction of the United States not within." Therefore, all counts, including the conspiracy count, with its overt acts, all took place **within** the special maritime and territorial jurisdiction of the United States. By jury verdict, Petitioner's conviction and sentence would render him actually innocent due to lack of jurisdiction and double jeopardy. See 18 U.S.C. § 1651 (where Petitioner's overt acts would be under 18 U.S.C. § 2111 as defined at 18 U.S.C. § 7(7) (noting that the special maritime and territorial jurisdiction is a jurisdictional limitation). With the conspiracy and its overt acts, the ways, manner and means of that conspiracy are also" jurisdictionally limited" to the special maritime and territorial jurisdiction (where the over act of piracy has limited the jurisdiction to exclude the jurisdiction of 18 U.S.C. § 1651.) Therefore, Petitioner is actually innocent and cannot be held criminally liable under 18 U.S.C. § 1651.

Under the savings clause and in light of <u>McQuiggin v. Perkins</u>, 133 S.Ct. 1924, 1931 (2013), the court records will reflect that the court lacked subject matter jurisdiction and would set up Petitioner's defense to any government response to the contrary, estoppel by court record and legal estoppel.

## II. THE PRASE UNDER 18 U.S.C. § 1651 AS DEFINDED BY THE "LAW OF NATIONS" IS CONTRARY TO AND IN DIRECT VIOLATION OF ARTICLE 1, SECTION 8, CLAUSE 10 OF THE FEDERAL CONSTITUTION –

Article 1, Section 8, Clause 10 of the Constitution for the United States of America is a constitutional GRANT of UNIVERSAL JURISDICTION to Congress for three (3) categories of offenses, which jurisdiction is NOT dependent on the community of nations NOR international consensus. These three (3) offenses include:

1) Piracies committed on the high seas;

2) Felonies committed on the high seas; and

3) Offenses against the law of nations –

The Constitution of the United States is exact, precise and specific where Congress MUST DEFINE and PUNISH the three (3) categories of offenses cited above. This is a clear and unambiguous constitutional mandate. Any other reading of the Constitution is insinuating that the Constitution itself, is unconstitutionally vague. There is no double redundancy that pertains to these three (3) categories of offenses, as cited in Petitioner's court records. The framers of the Constitution were NOT mentally challenged at all. The framers knew that, all felonies committed or which could be committed on the high seas, are NOT offenses against the law of nations. Furthermore, nor could piracies. This is why Congress was granted UNIVERSAL JURISDICTION by the Constitution itself to DEFINE and PUNISH all three (3) categories.

Felonies committed on the high seas are any felony NOT committed on land, but on the high seas. For example, embezzlement, money laundering, racketeering, murder, rape, white slavery, prostitution, manufacturing drugs, possession of drugs, distribution of drugs, etc. All of these are felonies which may be committed on the high seas, but are NOT piracy. Furthermore, these felonies are not offenses against the law of nations but, by Constitutional mandate under Article 1, Section 8, Clause 10, Congress is given UNIVERSAL JURISDICTION to DEFINE and PUNISH all felonies committed on the high seas, and must be prosecuted. Article 1, Section 8, Clause 10 further mandates that Congress MUST DEFINE and PUNISH all offenses against the law of nations – there is NO words of <u>limitations,</u> as contended in Petitioner's Habeas Petition. Piracy is NOT the only offense against the law of nations, but Congress is given UNIVESAL JURISDICTION to

3

DEFINE and PUNISH those offenses. For purpose of clarification, the law of nations CANNOT constitutionally DEFINE and PUNISH offenses for the United States. That would be in derogation of U.S. sovereignty and in clear violation of Article 1, Section 8, Clause 10 of the U.S. Constitution. Congress MUST DEFINE and PUNISH ALL OFFENSES ITSELF AGAINST THE LAW OF NATIONS. With this being said, there is NO "GENERAL PIRACY" that pertains to the United States of America – There is only MUNICIPAL PIRACY which MUST BE DEFINED BEFORE IT CAN BE PUNISHED, and the sole body that MUST DEFINE PIRACY is CONGRESS.

In the Webster's Collegiate Dictionary – Eleventh Edition, p. 327 – states the word "define" means: "1a) to determine or identify the essential qualities or meaning of; b) to discover and set forth the meaning of; c) to mark the limits of – 2) to make distinct, clear, or detailed; 3) distinguish. The Black's Law Dictionary – Eighth Edition, p. 487 – states the word "define" means: 1) to state or explain explicitly; 2) to fix or establish; 3) to set forth the meaning of. Furthermore, the word "defined" means: 1) in legal drafting, a word or phrase given a specific meaning for purposes of the document in which it appears. See Black's Law Dictionary – Eighth Edition, p. 487.

Under 18 U.S.C. § 1651, the phrase "as defined by the law of nations" does not meet the requirements of any of the known definitions of "define" or "defined" as cited in the territorial jurisdiction of the United States. Furthermore, it does not meet the Constitutional requirement of being "defined" by Congress as mandated by Article 1, Section 8, Clause 10 of the U.S. Constitution. Petitioner's court records clearly reflect that "general piracy by definition occurs in areas to which the domestic political process of nations does not extend, is misleading and/or misconstrued under the U.S. Constitution. The only Piracy in America under the U.S. Constitution is "Municipal Piracy," making no other piracy recognized under the U.S. Constitution system. Piracy must be DEFINED by Congress ALONE, along with all other offenses against the law of nations, including all other felonies committed on the high seas.

Therefore, Petitioner is actually innocent of the conviction and sentence under 18 U.S.C. § 1651 and is therefore null and void due to Article 1, Section 8, Clause 10 of the Constitution and the derogation of the sovereignty of the United States of America.. Any response by the government, contrary to the facts set forth above, Petitioner requests for a Constitutional estoppel.

## CLOSING

THEREFORE, based on the foregoing, Petitioner respectfully requests that this Court GRANT his § 2241 Habeas Corpus Petition by VACATING his JUDGMENT, CONVICTION and SENTENCE and ORDERING for an IMMEDIATE RELEASE due to Petitioner's ACTUAL INNOCENCE and prevent a fundamental miscarriage of justice.

RESPECFULLY SUBMITTED on this 1st day of September, 2021.

_____
Ahmed Sala Ali Burale/IN PRO PER
Petitioner/Affiant